UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TITUS LINTON,
     Plaintiff,

vs.                                 10-1208

MICHAEL RANDALL, et al.
     Defendants.

MERIT REVIEW ORDER

This cause is before the court for merit review of the plaintiff's complaint.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The pro se plaintiff filed his original complaint on July 1, 2010, but then chose to file an amended complaint.  Therefore, the court will review the plaintiff's amended complaint. [d/e 7] The plaintiff has filed his amended complaint pursuant to 42 U.S.C.§1983 claiming that his constitutional rights were violated.  The plaintiff names six defendants including Illinois Department of Corrections Director (herein IDOC) Michael Randle, former Pontiac Warden Eddie Jones, Pontiac Warden Guy Pierce, Former Illinois Department of Corrections Director Roger Walker, Former Stateville Warden Terry McCann and Administrative Review Board Member Sherry Benton.

On April 23, 2007, the plaintiff was placed on administrative detention for the offense of fighting.  The charge "led to an on-going investigation into a possible and alleged security threat group." (Comp, p. 5) The plaintiff says he was found not guilty of the offense.  However, due to the belief that the plaintiff was an El Rukin gang chief and his violent history, IDOC officials thought returning the plaintiff to the general population could result in retaliatory violence.  The plaintiff says he remained in administrative detention for approximately three years, he was not given proper reviews of his status and there was no reasonable basis for the decision.

The plaintiff's complaint is a 35 page, handwritten document with nearly 60 pages of documents and tends to repeat the same claims.  Nonetheless, the court finds that for the purposes of notice pleading, the plaintiff had properly alleged  that his continued placement in administrative detention was a violation of his due process and Eighth Amendment rights.  The plaintiff further claims he was denied the opportunity to attend religious services for three years in violation of his First Amendment rights.  Finally, the plaintiff states that Defendants Guy Pierce, Michael Randle and Eddie Jones were deliberately indifferent to the plaintiff's serious medical condition in violation of the Eighth Amendment when they confiscated a walking cane forcing him to walk with extreme pain.

The court notes that the plaintiff also alleges that allowing him to be restrained "in the presence of an unrestrained individual" who was a potential threat to him shows a deliberate indifference to his safety. The plaintiff does not allege that he was ever injured in this situation and has failed to state a violation of his Eighth Amendment rights.

The plaintiff claims he was placed in administrative segregation for retaliatory reasons, but does not state what sparked the retaliation, and therefore has failed to state a violation of his First Amendment rights.

The plaintiff has filed two motions for a default judgement. [d/e 11, 12]. The motions are denied. The defendants have not yet been served. The clerk will now send a Notice of Lawsuit and Waiver of Service forms to each defendant.

The plaintiff has also filed a motion for a preliminary injunction asking the court to order his transfer to a federal prison. [d/e 13] "The granting of a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Roland Machinery Co. v. Dresser Industries,* 749 F.2d 380, 389 (7th Cir. 1984). The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980).

When considering whether to grant a preliminary injunction, the court must first consider "whether the moving party has demonstrated: 1) a reasonable likelihood of success on the merits, and 2) no adequate remedy at law and irreparable harm if preliminary relief is denied." *Aircraft Owners and Pilots Ass'n v. Hinson,* 102 F.3d 1421, 1424-25 (7th Cir. 1996). (*internal citations omitted)*. If the moving party has demonstrated those items to the satisfaction of the court, then it must look at: 3) the irreparable harm the non-moving party will suffer if the injunction is granted balanced against the irreparable harm the moving party will suffer if the injunction is denied, and 4) the public interest, i.e., the effect that granting or denying the injunction will have on non-parties." *Id.* The Court of Appeals for the Seventh Circuit had adopted a sliding scale approach where the greater the movant's chances of success on the merits, the less he must show that the balance of hardships tips in his favor. *Ty, Inc. V. Jones Group, Inc.,* 237 F.3d 891 (7th Cir. 2001).

The plaintiff has failed to meet his burden. The plaintiff has not demonstrated that he has no adequate remedy at law, nor has he shown that he will be irreparably harmed if the injunction is denied.


**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

   **a) The named defendants violated the plaintiffs due process and Eighth Amendment rights based on his continued placement in administrative detention.**
   **b) The defendants violated his First Amendment rights based on a continued denial**

of the right to attend religious services.

c) Defendants Guy Pierce, Michael Randle and Eddie Jones were deliberately indifferent to the plaintiff's serious medical condition in violation of the Eighth Amendment when they confiscated a walking cane forcing him to walk with extreme pain.

2) All other claims based on federal law, other than those set forth in paragraph one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.

3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

7) The plaintiff's motions for a default judgement are denied. [d/e 11, 12]

8) The plaintiff's motion for a preliminary injunction is denied. [d/e 13]

Entered this 19th Day of October, 2010.


\s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE