UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TITUS LINTON,
     Plaintiff,

     vs.                                      10-1208

MICHAEL RANDALL, et al.
     Defendants.

CASE MANAGEMENT ORDER

This cause is before the court for consideration of the Plaintiff's motion for reconsideration of the Merit Review Order and the Defendants' motion to stay discovery. [d/e 21, 52].

## I. BACKGROUND

The Plaintiff filed a complaint pursuant to 42 U.S.C.§1983 claiming that his constitutional rights were violated within the Illinois Department of Corrections Director (herein IDOC). The Plaintiff named six defendants including IDOC Director Michael Randle, former Pontiac Warden Eddie Jones, Pontiac Warden Guy Pierce, Former IDOC Director Roger Walker, Former Stateville Warden Terry McCann and Administrative Review Board Member Sherry Benton. The court notes that the Plaintiff's amended complaint was 35 handwritten pages with approximately 60 pages of documents attached. The document was not "a short and plain statement" of the Plaintiff's claims pursuant to Federal Rule of Civil Procedure 8. *See* Fed.R.Civ.P. 8(a)(1).

Nonetheless, based on the court's review of the amended complaint pursuant to 28 U.S.C. §1915A , the court found the Plaintiff had alleged the following claims:

1) The named Defendants violated the Plaintiffs due process and Eighth Amendment rights based on his continued placement in administrative detention.
2) The Defendants violated his First Amendment rights based on a continued denial of the right to attend religious services.
3) Defendants Guy Pierce, Michael Randle and Eddie Jones were deliberately indifferent to the plaintiff's serious medical condition in violation of the Eighth Amendment when they confiscated a walking cane forcing him to walk with extreme pain. October 19, 2010 Merit Review Order.

## II. MOTION TO RECONSIDER

The Plaintiff has now filed a motion to reconsider the Merit Review Order stating that the court should not have dismissed two additional claims and should not have denied his motion for a temporary restraining order.

The court first dismissed the Plaintiff's claim that he was placed in administrative

1

detention for retaliatory reasons, because the Plaintiff did not clearly state what sparked the retaliation. October 19, 2010 Merit Review Order, p. 2. The Plaintiff says the court was mistaken. The Plaintiff says he alleged that he wrote a grievance against Correctional Officer Jump on July 6, 2009. The Plaintiff says Officer Jump was spreading false rumors about him in hopes of "stirring up violence between inmates and the plaintiff...."(Plain. Mot, p. 2). The Plaintiff says this act alone is a violation of his Eighth Amendment rights. The court notes that Officer Jump is not named as a Defendant. In addition, "an inmate who suffers only a risk of physical harm has no compensable claim under the Eighth Amendment." *Saunders v Tourville,* 2004 WL 874781 at 1 (7th Cir. April 19, 2004) *citing Babcock v White,* 102 F.3d 267, 272 (7th Cir. 1996).

Nonetheless, the Plaintiff says his current confinement in administrative detention is in retaliation for this grievance two years ago. The court notes the Plaintiff has still not clearly articulated a retaliation claim. The Plaintiff alleges he was placed on administrative detention long BEFORE this grievance in 2009. In fact, the Plaintiff states he has been in administrative detention since April 24, 2007. (Comp., Ex. H). Based on the information before the court, the court cannot find that the Plaintiff has articulated a claim that he was placed in administrative detention for retaliatory reasons.

The court next dismissed the Plaintiff's claim in his amended complaint that his Eighth Amendment rights were violated because he was restrained "in the presence of an unrestrained individual" who was a potential threat to him. October 19, 2010 Merit Review Order, p. 2. The court noted that the Plaintiff did not claim that he had ever been injured, but simply that he feared an attack. Therefore, his claim was dismissed.

The Plaintiff now says while he had not been injured at the time he filed his complaint, but he has since been assaulted in August of 2010 and he has filed a grievance concerning this assault. The Plaintiff has also cited to a Tenth Circuit case to support his claim that proof of an assault is not needed to state an Eighth Amendment claim. *Benefield v McDowall*, 241 F.3d 1267 (10th Cir. 2001). The *Benefield* case involved a claim that prison officials were spreading a rumor that an inmate was a "snitch" and the officials knew they were placing the Plaintiff in danger. *Id.* at 1271. The court did find that the Plaintiff had alleged an Eighth Amendment violation. However, the standard in the Seventh Circuit for similiar claims "is clear: an inmate who suffers only a risk of physical harm has no compensable claim under the Eighth Amendment." *Saunders,* 2004 WL 874781 at 1.

Its possible the Plaintiff may now have a claim that certain individuals failed to protect him from an inmate attack, but he did not exhaust his administrative remedies for this claim before he filed this lawsuit. "It is settled law in this circuit that a prisoner cannot cure a failure to exhaust administrative remedies before bringing suit by filing an amended complaint after he has exhausted administrative remedies." *Salado v Grams,* 2007 WL 5517481 at 1 (W.D. Wis. April 6, 2007). *See also Perez v Wis. Dept of Corrections,* 182 F.3d 532, 535 (7th Cir. 1999)(district court lacks "discretion to resolve a claim on the merits, even if the prisoner exhaust intra-prison remedies before judgment.") Therefore, the Plaintiff may not proceed on an Eighth Amendment failure to protect claim.

Finally, the Plaintiff asks the court to reconsider his motion for preliminary injunction. The Plaintiff says if he remains in disciplinary segregation he faces continued danger and should be in administrative detention. The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980). "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v Armstrong,* 520 U.S. 968, 972 (1997) *quoting* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §2948(2d ed. 1995) To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry,* 328 F.3d 300, 303 (7th Cir. 2003) (*citations omitted).* If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc,* 400 F.3d 1007, 1011 (7th Cir. 2005); *see also Lambert v Buss,* 408 F.3d 446, 451 (7th Cir. 2007); *Turley v Rednour*, 2011 WL 1897922 at 1 (S.D. Ill. May 18, 2011).

One additional principle guides the Court's analysis in the specific context of a prisoner's motion for preliminary injunction. A section of the PLRA entitled "Requirements for Relief," provides:

> Preliminary injunctive relief must be narrowly drawn, extend no further
> than necessary to correct the harm the court finds requires preliminary
> relief, and be the least intrusive means necessary to correct that harm.
> The court shall give substantial weight to any adverse impact on public
> safety or the operation of a criminal justice system caused by the preliminary
> relief.... 18 U.S.C.§3626(a)(2).

The Plaintiff says he is still in danger because of an event that occurred in 2007 at Stateville Correctional Center. In his amended complaint, the Plaintiff alleged that he was placed on administrative detention on April 23, 2007 for the offense of fighting. The Plaintiff said he was found not guilty of the offense. However, due to the belief that the Plaintiff was an El Rukin gang chief and his violent history, IDOC officials thought returning the Plaintiff to the general population could result in retaliatory violence. The Plaintiff says he remained in administrative detention since that time.

It is not clear to the court based on his motion if the Plaintiff is now saying he has been moved out of administrative detention. If the Plaintiff is in disciplinary segregation, he still would be separated from other individuals. It is also unclear if the Plaintiff is now in segregation due to a new disciplinary measure. The Plaintiff has not adequately demonstrated that he has a likelihood of succeeding or that he does not have an adequate remedy at law. In addition, the Plaintiff has not adequately demonstrated that he will face an irreparable harm if he is not moved. The motion to reconsider is denied. [d/e 21]

III. MOTION TO STAY DISCOVERY.

The Defendants have now filed a motion for summary judgment claiming that the Plaintiff has failed to exhaust his administrative remedies as required before filing his lawsuit. [d/e 48]. The Defendants have also filed a motion to stay discovery until the issue of exhaustion has been considered. [d/e 52]. The court notes that the Plaintiff has filed a response to the pending motion. Therefore, the motion to stay is granted.

**IT IS THEREFORE ORDERED that:**

**1) The Plaintiff's motion to reconsider the October 19, 2010 Merit Review Order is denied. [d/e 21]**

**2) The Defendants' motion to stay discovery pending the outcome of the motion for summary judgment on the issue of exhaust of administrative remedies is granted. [d/e 52].**

Entered this 22nd day of August, 2011.

**s/James E. Shadid**
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE